# O. W. REYNOLDS

### v.

# CALVIN HASKINS ET ALS.

*Title of bona fide purchaser superior to attachment lien. Grantee under no duty to creditor of grantor to examine title.*

1.  The title of a *bona fide* purchaser of real estate is superior to that of an attaching creditor who receives actual notice of the purchaser's title after attachment and before levy of execution.

2.  In such a case the levy of the execution will be enjoined.

3.  A grantee is under no duty to a creditor of the grantor to critically examine his title.

Bill in equity.  Heard upon the report of a master at the December term, 1895, Lamoille county.  START, Chancellor, decreed for the orator.  The Terrills, defendants, appeal.

*P. K. Gleed* for the orator.

An attaching creditor takes only the real interest of his debtor. *Hackett* v. *Callender*, 32 Vt. 109; *Hart* v. *The Farmers' and Mechanics' Bank*, 33 Vt. 252; *Abel* v. *Howe*, 43 Vt. 403; *McKenzie* v. *McKenzie*, 52 Vt. 271; *Morrill* v. *Morrill*, 53 Vt. 74; Webb, Rec. of Tit. s. 192.

*M. A. Bingham* and *J. J. Monahan* for the defendants, L. F. and G. A. Terrill.

The orator has not exercised reasonable diligence, and equity will not relieve him. *Bishop* v. *Allen*, 55 Vt. 426; 1 Story, Eq. Jur. s. 146; *McDaniels* v. *Bank of Rutland*, 29 Vt. 230, 238; *Durkee* v. *Durkee*, 59 Vt. 74; *Hyde* v. *Hyde*, 50 Vt. 305.

The attachment of the defendants, based upon the record title, is superior to the claimed right of the orator. *Bigelow et ux.* v. *Topliff et al.*, 25 Vt. 288–289; *Sanger* v. *Craigue*, 10 Vt. 555–556.

ROSS, C. J. This is a bill to have a deed reformed. The orator purchased, for full consideration, and received a warranty deed from defendants Haskins and wife, among other lands, a lot described as No. 65 in the fourth division of lots in Underhill. At the time of the execution of the deed, the grantors owned, and were in possession of, lot numbered sixty-five in this division, and did not own, nor claim, lot sixty-six. These lots adjoined. It is found that the parties intended to convey lot sixty-six instead of sixty-five. This deed was in 1877. The grantee leased the premises conveyed, to the grantor, who continued to occupy the same, including this lot, to February 13, 1890. That day the error in the description was discovered, and to correct it, the grantors executed to the orator a deed conveying lot sixty-six. Shortly before, the defendants Terrills, discovered that the deed to the orator did not include lot sixty-six and brought a suit against defendant,

Haskins, attached among others, this lot, and caused a copy of the writ to be lodged in the town clerk's office, on the same February 13, shortly before the orator left his deed of that date for record.    The Terrills had no actual notice ot the mistake in the description of the deed of 1877, before causing the attachment.    They obtained judgment against Haskins in their suit.    Before levying the execution on lot sixty-six this bill was brought and they were enjoined.    The mistake in the description of the deed of 1877 is confessed by the Haskins and found by the master.    The contention is, whether the Terrills had acquired such an interest in the lot, as will prevent a reform of the deed, as against them.    The cases relied upon by them, *Sanger* v. *Craigue,* 10 Vt. 555 and *Bigelow* v. *Topliff*, 25 Vt. 288, especially the last named case, holds that an attaching creditor's right, if the attachment was made without notice, is equal to that of a *bona fide* purchaser, and that as between such attaching creditor and such purchaser the doctrine "the first in time is first in right" applies.    But this case is, in this respect, overruled by the later case of *Hackett* v. *Callender*, 32 Vt. 109, in which it is held that the lien of an attaching creditor acquired by attachment of real estate, the title to which is in his debtor, although the attachment is made without notice that his debtor has conveyed it to a *bona fide* purchaser, is defeated by actual notice of such conveyance received before he levys his execution thereon, or has lawfully applied it in satisfaction of his debt; that until such application he has parted with nothing on faith of the title being in his debtor, and stand in the rights of his debtor.    The doctrine of this case has since been frequently approved, and not departed from by this court. *Hart* v. *Farmers' and Mechanics' Bank*, 33 Vt. 252 ; *Abel* v. *Howe*, 43 Vt. 403 ; *Morrill* v. *Morrill*, 53 Vt. 74.    On this principle the orator is entitled to the relief prayed for against these attaching creditors.    They had notice of his right to have the deed corrected before they had taken the lot in satisfaction of their debt.

These defendants further contend that the orator should not have relief against their attachment because he did not exercise reasonable care and diligence in discovering the error in the description and in having it corrected. The doctrine of reasonable care and diligence, or of negligence, is applicable only where the party applying for relief owes a duty of care and diligence to the other party. From a statement of the principle governing these decisions, it is difficult to discover any ground for the application of the doctrine of reasonable care and diligence. But if applicable, the master reports that he "does not find that there was a want of reasonable care on the part of the orator when he took the deed containing the description." Nor is this finding changed by the finding relied upon by these defendants, viz. :

"Had Reynolds been suspicious that all might not be right and had he made a careful and critical examination of the records of all deeds in any way connected with the land he was about to take a deed of, assisted by a good, sharp expert conveyancer and aided by the town clerk, who might be familar with the records of deeds of land in the vicinity of that about to be conveyed, it seems to the master that he could hardly have failed to discover the mistake and error, which, on examination, appears so patent now."

This finding is based upon the supposition that every person taking a deed must be suspicious that the description in the deed is *prima facie* erroneous and that he is under a duty to some unknown creditor of the grantor to examine not only the chain of title of his grantor, but the title of all surrounding lands, aided by an expert conveyancer, and a town clerk who is familiar with the plans and land records of the town. No such rule of care and diligence on the part of the purchaser of real estate has ever been recognized and is too onerous for application.

*Decree affirmed and cause remanded.*